(No. 3827—

RUTH N. GUSTAFSON, WIDOW AND CAROL LOUISE GUSTAFSON, MINOR CHILD OF LESLIE L. GUSTAFSON, DECEASED, Claimants, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1944.*

PHILIP NYE, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The record in this case consists of the complaint, copy of letters of administration, departmental report and stipulation attached thereto, and waiver of brief, statement and argument on behalf of claimant and respondent.

Under rule 21 of the Court of Claims the report of the Division of Highways filed herein is prima facia evidence of the facts set forth therein. Said report recites that Leslie L. Gustafson resided in Monroe Center, Illinois, and was first employed by the Division of Highways on March 1, 1941, as a supervising foreman in the Maintenance Department at a salary of $160.00 per month. His rate of salary was increased to $170.00 per month on July 1, 1943, and remained at that level until Saturday, October 30, 1943. That he received $1,960.00 as salary during the year next preceding his death on November 1, 1943. That deceased was 45 years of age and had a daughter, Carol Louise, age ten, and his wife, Ruth N. Gustafson, dependent upon him for support.

That the area supervised by Mr. Gustafson as an employee of the division embraced the major part of Ogle County and a small section of an adjoining county. That he was required as supervising foreman to secure

time cards from maintenance foremen at different points in Ogle County, which he delivered in person or sent to the district highway office at Dixon. That October 30, being the last working day of the month, it was his duty to secure and deliver to the district highway office these cards as soon as practicable. That deceased secured time cards at the Division of Highways garage at Polo, Ogle County, at approximately 11:20 A. M. on October 30, and additional time cards at the division garage at Forreston at 12:00 noon on said day. That at approximately 6:35 P. M. the deceased was found in his car on the Leaf River Bridge on State Bond Issue Route 72, approximately one-half mile east of the Village of Leaf River. He had been badly injured. His car was facing east against the south bridge handrail and the entire right side of the car was totally demolished.

A passing motorist took Mr. Gustafson to the office of Dr. M. S. DuMont at Mt. Morris where first aid was administered. He was then removed by ambulance to the Warmoltz Clinic at Oregon, where he remained until he died at 11:15 on Monday, November 1, 1943. Dr. DuMont made the following report to the Division of Highways on November 2, 1943:

"Extreme shock—internal injuries consisting of crushed chest— several ribs broken—medio-sternum crushed—hemoperitoneum—rupture of liver—four rents in right superior dome from costal margin to esophagus—hemorrhage."

The Division of Highways paid the following bills incident to the injury:

| | |
|---|---|
| Dr. M. S. DuMont, Mt. Morris | $45.00 |
| Warmoltz Clinic, Oregon | 36.50 |
| Farrell Funeral Home, Oregon | 7.50 |
| Total | $89.00 |

From a consideration of the evidence before it, the court finds that the deceased, Leslie L. Gustafson, and

the respondent, were at the time of the accident and death, operating under the terms of the Workmen's Compensation Act; that the injury and death of claimant's intestate was caused by an accident which arose out of and in the course of his employment by the State of Illinois; that respondent had actual knowledge of the accident and that notice of claim and application for compensation were made within the statutory limits of said Act; that the deceased's annual earnings for the year preceding his death in the employment in which he was then engaged were $1,960.00, or an average weekly wage of $37.69. That he left surviving him the widow, the claimant herein, who was dependent upon him for support, and Carol Louise Gustafson, age ten, his daughter, who was dependent upon him for support.

The court further finds that the respondent has paid Dr. DuMont the sum of $45.00; Warmoltz Clinic the sum of $36.50; and the Farrell Funeral Home $7.50.

An award is hereby entered in the sum of $5,228.75 for the use of Ruth N. Gustafson, as widow, and Carol Louise Gustafson, as minor dependent child of Leslie L. Gustafson, deceased, as provided in Section 7 (a) and (k) of the Workmen's Compensation Act.

Documentary proof of the marriage of claimant and deceased on January 11, 1918, is filed herein.

The court further finds that the claimant is now entitled to have and receive from the respondent the sum of $334.97, being the amount of compensation that has accrued to the 11th day of March, 1944. The remainder of said award is to be paid to said claimant in weekly payments of $17.63, commencing one week from the date last above mentioned until the award has been fully paid.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning

the payment of compensation awards to State employees."